## COLE, Appellant, v. REILEY, Respondent.

### (150 N. W. 299.)

(File No. 3646. Opinion filed December 31, 1914. Rehearing pending.)

1. **Fraudulent Conveyances—Assigned Notes—Fraud—I n t e n d e d Fraud—Circumstantial Evidence, Competency.**

   In an action involving the assignment of promissory notes, held, that fraud, and knowledge of intended fraud, may be shown by circumstantial evidence.

2. **Same—Assigned Notes—Evidence, Sufficiency.** ·

   In a suit to recover proceeds of payments made upon promissory notes to an alleged assignee, held, that the evidence, though circumstantial, was sufficient to sustain a finding that the notes were conveyed to plaintiff by the owner in fraud of creditors, to which fraud plaintiff was a party.

3. **Same—Assigned Notes—Evidence—Local Financial Conditions— Competency.**

   Where the holder of notes, alleged to have been conveyed in fraud of creditors, claimed that he disposed of them in a far distant state because times were very hard in the state of the maker's and holder's residence, held, that evidence of financial conditions in the latter state, in rebuttal, is admissible.

4. **Same—Discount of Notes, Rate of—Unusual Rate—Evidence, Competency—Pleading.**

   In a suit involving bona fides in transfer of promissory notes, held, that, the issue being raised by the answer attacking the assignment, evidence that an unusual discount was allowed upon the transfer, was competent.

5. **Appeals—Error—Review—Instructions—No Exceptions—Law of Case.**

   Instructions, to which no exceptions are taken, must stand as the law of the case.

6. **Fraudulent Conveyances—Assigned Notes—Assignee's Knowledge of Assignor's Fraudulent Intent—Rights of Assignee—Instructions.**

   In a suit involving fraud in transfer of notes, instructions that if assignor disposed of them with intent to defraud creditors, and assignee knew of that intent, or had knowledge of circumstances sufficient to put her upon inquiry, and she failed to make inquiry, she could not recover, and that such transfer would be in fraud of creditors, correctly stated the law.

**7. Appeals—Trial—Instructions—Request for, Necessity.**

Error in instructing a jury cannot be predicated on the failure of the court to give an instruction not requested by complaining party.

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Alvina Cole against Eugene Reiley, sheriff, to recover money alleged to have been seized by defendant under an execution, on deposit as proceeds of payment made upon promissory notes alleged to belong to plaintiff. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*L. E. Waggoner,* and *S. H. Wright* (*Joe Kirby,* of Counsel), for Appellant.

*Ailkens & Judge,* for Respondent.

(2) Under point two of the opinion, Respondent cited: Secs. 2368, 2370, Civ. Code; Probert v. McDonald, Sheriff, 2 S. D. 495-506; Salmonson v. Thompson, 13 N. D. 182, 101 N. W. 320-325.

(4) Under point four of the opinion, Appellant cited: Waites Fraud. Conv., Sec. 232; Phelan v. Moss, 67 Pa. St. 59.

(6) Under point six of the opinion, Appellant submitted that: The court should have qualified the instructions by only requiring Mrs. Cole to make inquiry where such inquiry would be reasonably certain to lead to information.

POLLEY, J. Appellant, claiming to be the owner, by assignment, of two certain promissory notes, placed the same in a bank for collection. The notes were originally payable to one Ed. J. Gotthelf, and certain payments, aggregating $2,304.94, made thereon to the bank, were seized by respondent as sheriff of Minnehaha county, under an execution issued upon the judgment in the case of McEwen v. Gotthelf, 31 S. D. 180, 140 N. W. 264, heretofore affirmed by this court. Both of the said notes were executed on the 1st day of September, 1911, are payable on the 1st day of September, 1915, and draw interest at the rate of 6 per cent. per annum. It is claimed by appellant that one of said notes was indorsed and assigned by the said Gotthelf to Mary Gotthelf, his wife, and was by her indorsed and assigned to appellant; that the other one was indorsed and assigned by

Ed. J. Gotthelf directly to appellant, and that, at the time they were placed in the bank for collection, she was the owner and holder thereof. On the other hand, it is claimed by respondent that the alleged transactions between the Gotthelfs and the appellant were colorable in character, and were made for the purpose of hindering and delaying Gotthelf's creditor's, and especially the owner of the said judgment, in the collection of their debts; and respondent justifies his seizure of said sums of money upon the ground that the said Gotthelf is still the owner, in fact, of said notes.

The case was tried to a jury, and the genuineness of the transaction between the Gotthelfs and the appellant was the only issue submitted. The jury, having found against appellant on that issue, and a motion for a new trial having been overruled by the trial court, the case is brought here for review.

[1, 2] It is contended by respondent that at the time appellant purchased said notes, if she ever purchased them at all, she was in possession of sufficient facts to put her upon inquiry as to the intent of the said Gotthelfs, and that such inquiry, if reasonably prosecuted, would have disclosed the fact that the Gotthelfs were disposing of said notes for the purpose, and with the intent, of preventing the said McEwen from collecting the said judgment. The facts mainly relied upon by respondent as being sufficient to put appellant upon inquiry are the following: First, she was advised that the notes were made by parties who were financially responsible, and that the notes were secured by ample security; second, that they were being offered at a very great discount—to-wit, the notes aggregated $12,583.33, and the Gotthelfs were offering to sell them both for $10,000; third, that the said Ed. J. Gotthelf was conducting and managing a grocery store, in his wife's name; and, fourth, that the Gotthelfs were disposing of the notes in Los Angeles, Cal., instead of in South Dakota, where the financial responsibility of the makers thereof and the value of said notes and the said security were well known, and where said notes would have brought the highest market price.

Respondent, being dissatisfied with the statement of facts contained in appellant's brief, filed an additional statement. Appellant, in turn, questions the correctness of such additional state-

ment, and, under the provisions of rule 8 (140 N. W. ix), the settled record has been transmitted to this court and used on this appeal. From the evidence on behalf of appellant it is made to appear that, at the time of the assignment of the notes, appellant and the Gotthelfs were both residents of Los Angeles, Cal. The Gotthelfs had recently gone there from this state, and the appellant was from Minnesota; but they had been acquainted with each other since 1883, and, after they settled in Los Angeles, kept up a very intimate friendship.

Upon her cross-examination appellant at great length went into the details of the negotiations leading up to the alleged purchase of the notes, the manner of paying for them, and the source from which she had derived and accumulated the means with which she made the purchase. The Gotthelfs went into equal detail relative to the sale of the notes and the disposition of the proceeds therefrom.

The evidence in this case is so voluminous that it is not practicable to go into an extended review thereof. It is not claimed, however, that there is any direct evidence of fraud, or participation in fraud, by appellant. But this is not necessary. Fraud and knowledge of intended fraud may be shown by circumstantial evidence; and, after a careful consideration of all the evidence in this case, the conclusion is irresistible that this transaction was fraudulent; and certainly the evidence is sufficient, if competent and submitted under proper instructions, to sustain the verdict.

[3] On the trial the court, over the objection of the appellant, permitted respondent to show the general financial conditions in this state at the time of the alleged transaction between the Gotthelfs and appellant. This evidence was introduced to rebut certain testimony of Ed. J. Gotthelf. He had testified that the reason why he had not attempted to negotiate these notes in this state, and where the financial standing of the makers of the notes was known, was that times were very hard in South Dakota at that time. The evidence complained of became material by reason of this testimony of the said Gotthelf and was proper rebuttal evidence.

[4] Respondent was also allowed to show, over the objec-

tion of appellant, that the discount allowed by the Gotthelfs when they sold these notes was an unusually high discount for that class of paper. The extent to which they offered to discount the notes is one of the circumstances set out in respondent's answer that he claims should have aroused appellant's suspicion and put her upon inquiry as to the purpose of the Gotthelfs in disposing of the notes; and this evidence was competent upon that issue.

[5, 6] At the close of the trial, the court gave the jury the following, among other instructions:

"If you are satisfied that Ed. J. Gotthelf, in disposing of the notes described in the complaint, made such disposition with the intent to defraud his creditors, and Mrs. Cole knew of such intent, or if Mrs. Cole was aware of such facts and circumstances as would put a reasonably prudent person on inquiry concerning such intentions, and *she failed to make such inquiry,* then in either of these events she could not recover, and your verdict must be for the defendant."

"Where one buys property, if that person intends by such transfer to defraud creditors, and if the purchaser knows of that intent, or has sufficient knowledge of the facts and circumstances to put him or her upon guard—that is, if the facts are before a person to give a reasonable person notice, under all the circumstances of probable fraud—then the transfer is fraudulent as against creditors."

These instructions are excepted to, upon the ground that they are not warranted by the evidence in the case, and upon the further ground that there is no evidence to show that Ed. J. Gotthelf was insolvent at the time of the alleged sale of said notes, or that he was not, at that time, possessed of sufficient property other than the notes to meet all his debts.

It is very doubtful if there are any sufficient exceptions to these instructions; and, if there are no exceptions, then, of course, the instructions must stand as the law of the case. But, conceding the exceptions to be sufficient, they are of no avail to appellant. The instructions are a correct statement of the rule of law applicable to such cases, and, as above stated, we believe the evidence disclosed by the record is sufficient to have put appellant upon inquiry, and charged her with notice of the intent

of the Gotthelfs and their purpose in disposing of the notes in the manner they did.

[7] The question of the solvency or insolvency of Ed. J. Gotthelf was not an issue in the case; nor was there any request on the part of appellant to give any instructions covering that issue. Error in instructing a jury cannot be predicated on the failure of the court to give an instruction that was not requested by the party complaining.

Finding no error in the record, the judgment and order appealed from are affirmed.